# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**ERIC M. KING,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0822**  (BOR Appeal No. 2045269)
(Claim No. 2008011240)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CITY OF CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric M. King, by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Charleston, by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2011, in which the Board modified a November 9, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's September 18, 2007, Order to reflect heat exhaustion and dehydration as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. King was working as a firefighter for the City of Charleston, and participating in a training exercise when he suffered a heat event on September 8, 2007. He was treated overnight at the hospital and released. On September 18, 2007, the claims administrator issued an order which disallowed the following conditions: other specified cardiac dysrhythmias; orthostatic hypotension; acute renal failure unspecified; and syncope and collapse. The Office of Judges, on November 9, 2010, modified that Order to reflect that the claim was held compensable for heat exhaustion and dehydration.

The Board of Review modified the Office of Judges' Order to reflect that the following conditions are compensable components of the claim: neurogenic orthostatic syncope (the singular event on September 8, 2007); acute renal failure, prerenal, resolved; and bradycardia during the hospitalization of September 8-9, 2007. The Board of Review further held that these diagnoses had resolved at the time Mr. King was discharged on September 9, 2007. On appeal, Mr. King argues that it was a material misstatement of the evidentiary record for the Board of Review to find that the additional compensable components had resolved at the time of discharge, noting that he had no prior symptoms of bradycardia. The City of Charleston maintains that the bradycardia associated with the heat event on September 8, 2007, had resolved when he was discharged from the hospital, and that the continued bradycardia from which he now suffers is not related to the compensable injury.

The Board of Review held that the preponderance of the evidence established that the persistent bradycardia is not the result of Mr. King's work-related injury, and should not be included as a compensable component in the claim. The Board of Review noted that neither cardiologist, Dr. McCowan nor Dr. Wall, found a causal connection between the compensable injury on September 8, 2007, and the continued bradycardia. The Board of Review concluded that while the bradycardia which occurred on September 8, 2007, was compensable, the evidence did not establish that the persistent condition was caused by the heat event on September 8, 2007. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 8, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Menis E. Ketchum

**DISSENTING:**
Justice Margaret L. Workman
Justice Allen H. Loughry II